
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETE JOHN LEAUPEPETELE, AKA Iaone Leaupepe,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 21-70072<br><br>Agency No. A206-354-677<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021[**]
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

  Pete John Leaupepetele, a citizen of Western Samoa, now Samoa, petitions

for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the Immigration Judge's (IJ) denial of adjustment of status and denial of cancellation of removal.

The IJ found that Leaupepetele had been convicted of a crime involving moral turpitude. This conviction makes him ineligible for a cancellation of removal. 8 U.S.C. § 1229b(b)(1)(c). He did not seek review of that determination before the BIA, and thus, we do not have jurisdiction to review the IJ's determination. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Because Leaupepetele committed a crime of moral turpitude, he could receive an adjustment of status only if he qualified for a waiver under § 212(h). 8 U.S.C. § 1182(h). The IJ correctly held that he did not qualify for a waiver because he admitted during his removal hearing that he had committed acts that violate a controlled substances statute involving cocaine. That admission not only renders him ineligible for an adjustment of status, *id.* § 1182(a)(2)(A)(i)(II), but also renders him ineligible for a waiver under § 212(h), *id.* § 1182(h) (a waiver of § 1182(a)(2)(A)(i)(II) is available only "as it relates to a single offense of simple possession of . . . marijuana"). Leaupepetele emphasizes the hardship that would result from his removal, but he is nevertheless ineligible for a waiver because of his cocaine admissions. *Id.* § 1182(h). He argues that the IJ could not rely on a

cocaine conviction that had been vacated, but the IJ relied on admissions to drug conduct unrelated to that conviction.

Leaupepetele also contends he was denied due process in the hearing as a result of the IJ's rulings that allegedly limited his ability to offer testimony explaining his drug use. The record does not reflect that he was prevented from introducing any relevant or probative evidence.

The BIA terminated Leupepetele's grant of voluntary departure after his failure to post a bond. This was not error because he was required to post a bond in the amount of his airfare to Samoa, and he failed to do so. Any issue with respect to the IJ's failure to set a specific amount for the bond was not raised to the BIA and therefore was not exhausted. *See Barron*, 358 F.3d at 678.

The temporary stay of removal remains in effect until the mandate issues. The motion for stay of removal is otherwise denied.

The petition is **DENIED.**